**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE GUZZARDO and JILL
GUZZARDO, individually and on
behalf of a class of similarly situated
persons and entities,

        Plaintiffs-Appellees,

MONAVIE, a Utah limited liability
company,

        Plaintiff,

v.

AMWAY CORPORATION,
a Delaware corporation, now known
as Amway International, Inc.,

        Defendant-Appellant.

No. 09-4111
(D.C. No. 2:08-CV-00204-BSJ)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McCONNELL**, Circuit Judge.

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This matter is before the court on Amway Corporation's appeal from the district court's purported refusal to grant Amway's motion under section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. § 3, to stay judicial proceedings instituted by the Guzzardo plaintiffs.[1] The district court certified Amway's appeal as frivolous, explaining:

> The Amway Defendants' notice of appeal—filed in the midst of an ongoing pretrial conference—refers to a "refusal to grant Defendants' motion to stay." Such "refusal" simply did not occur. No order has been entered by this court . . . and no "order . . . refusing a stay of any action under section 3" exists on this record that may be appealed from under § 16 of the Federal Arbitration Act. This court having made *no* ruling and having entered *no* order, the notice of appeal is obviously premature.

R., Doc. 502 at 5. Amway then filed an emergency motion for stay, arguing that the district court's refusal to decide the motion to stay deprives it of its bargained-for right to avoid litigation, a decision that, it contends, is immediately appealable. We disagree.

Under § 16(a)(1)(A) of the FAA, an interlocutory appeal may be taken from "an order . . . refusing a stay of any action under section 3." But the district court in this case has not entered "an *order* . . . refusing a stay." *Id.* (emphasis added). Rather, it has scheduled a hearing to determine whether to grant Amway's motion, which the FAA explicitly empowers it to do. *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided

[1] The Guzzardo plaintiffs filed suit to enjoin arbitration proceedings that Amway has commenced.

-2-

by law for the making and hearing of motions, except as otherwise herein expressly provided.").

Because there is no order for this court to review, we are without jurisdiction to entertain Amway's appeal. Accordingly, Amway's appeal is DISMISSED for lack of jurisdiction, and its emergency motion for stay is DENIED as moot, *see Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57, 760 (10th Cir. 1993) (stating that where there is no jurisdiction over an underlying appeal, "the motion for stay must be denied").

We GRANT Amway's motion to exceed page limitation for its emergency motion for stay, the Guzzardo plaintiffs' motion to exceed page limitation for its response to Amway's emergency motion, and Amway's motion to exceed page limitation for its reply in support of its emergency motion for stay.

ENTERED FOR THE COURT  
PER CURIAM